IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01519-PAB
(Criminal Case No. 04-cr-00260-PAB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOHN PHILLIP CARTER,

    Defendant.

---

## ORDER DENYING § 2255 MOTION

---

Movant, John Phillip Carter, has filed a Motion to Vacate Sentence ("§ 2255 motion") (Docket No. 55). The United States has responded to the § 2255 motion. Docket No. 58.

For the reasons discussed below, the § 2255 motion will be denied.

## I. PROCEDURAL HISTORY

Mr. Carter pled guilty to one count of armed bank robbery (18 U.S.C. § 2113(a) and (d)), four counts of bank robbery (18 U.S.C. § 2113(a)), and one count of brandishing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)), namely, the armed bank robbery charged in the first count. Docket Nos. 17, 42 at 4-7, 51 at 1-2. The Court sentenced him to 92 months for the bank robberies and 84 months consecutive for the brandishing offense. Docket No. 51 at 3.

Mr. Carter moves, pursuant to 28 U.S.C. § 2255, to vacate his § 924(c) conviction because it violates the Fifth Amendment's Due Process Clause. Docket No.

55 at 1. Mr. Carter claims that he is entitled to relief under *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551 (2015) ("*Johnson*") because his § 924(c) conviction violates *Johnson* based on that statute's residual clause. *Id.*

At the time that Mr. Carter filed his § 2255 motion and during the briefing in this case, he was represented by the Office of the Federal Public Defender. However, the Court allowed the assigned Federal Public Defender to withdraw on September 7, 2018. Docket No. 65. The basis for the motion to withdraw was that, given the Tenth Circuit's ruling in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017), the Office of the Federal Public Defender no longer believed that Mr. Carter may qualify for relief under *Johnson* and thus the scope of the Office's representation of Mr. Carter fell outside of General Order 2015-4. Docket No. 64 at 2. The motion also noted that Mr. Carter has been released from custody. *Id.* Mr. Carter has not provided a new address.

## II. ANALYSIS

### A. <u>Motion is Untimely</u>

In its answer, the United States claims that Mr. Carter's motion is untimely. Docket No. 58 at 2-3. A § 2255 motion usually must be filed within one year after the judgment is final. 28 U.S.C. § 2255(f)(1). Here, judgment entered on December 20, 2005. Docket No. 51. Mr. Carter did not file a direct appeal, so his conviction became final fourteen days later upon "expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). He filed his § 2255 motion on June 20, 2016. Docket No. 55.

Mr. Carter argues his motion is timely under 28 U.S.C. § 2255(f)(3), which permits filing with a year of "the date on which the right asserted was initially recognized

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Docket No. 61 at 2. Specifically, Mr. Carter claims that, although *Johnson* involved the Armed Career Criminal Act ("ACCA"), his challenge to the residual clause of § 924(c) is analogous: "Mr. Carter's claim challenges § 924(c)(3)(B) on the ground that it ties an imprecise standard of risk to a judicially imagined 'ordinary case' of a crime. (Doc. 58 at 8-11.) It is, thus, a *Johnson* claim; in the terms of § 2255(f)(3), Mr. Carter 'assert[s]' the 'right' that was 'newly recognized by the Supreme Court' in *Johnson*." *Id.* However, the Tenth Circuit has rejected a nearly identical argument. *See United States v. Salvador*, 724 F. App'x 670, 672 (10th Cir. 2018) (unpublished) (noting that "a defendant cannot invoke *Johnson* to proceed under § 2255(f)(3) unless the defendant is challenging on vagueness grounds the ACCA's residual clause"); *United States v. Hullum*, Case No. 11-cr-00127-DME-02, 2016WL7178312, at *3 (D. Colo. Dec. 9, 2016). Here, Mr. Carter is not challenging the ACCA's residual clause. His § 2255 motion is therefore untimely.

### B. There is No Johnson Violation

Even if Mr. Carter's motion is timely, it must be denied on the merits. Mr. Carter's motion is almost identical to the argument made in *United States v. Higley*, 726 F. App'x 755 (10th Cir. 2018) (unpublished). In *Higley*, as here, the defendant was convicted of a violation of 18 U.S.C. § 924(c) based on a conviction for armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). *Id*. at 716. The defendant in *Higley* argued that armed bank robbery no longer qualifies as a crime of violence under § 924(c) because the "residual" clause of § 924(c) is unconstitutionally vague under *Johnson*, which invalidated the residual clause of the ACCA for the same reason. 726 F. App'x at 716. Mr. Carter

3

makes the same argument. Docket No. 55 at 2-11. The Tenth Circuit in *Higley*, after assuming that the defendant's § 2255 motion was timely and after applying the categorical approach, held that the defendant's "conviction for armed bank robbery [] constitutes a 'crime of violence' under the alternate, elements-based definition in § 924(c)(3)(A)." 726 F. App'x at 717. *See also United States v. McCranie*, 889 F. 3d 677, 681 (10th Cir. 2018) (bank robbery under § 2113(a) is a crime of violence); *United States v. Rinker*, --- F. App'x ----, 2018WL3996828, at *3 (Aug. 21, 2018) (unpublished) (armed bank robbery is, after *McCranie*, indisputably a crime of violence). Applying the categorical approach here, the Court finds that the defendant's argument is foreclosed by *McCranie* and *Higley*. As a result, assuming that Mr. Carter's motion is timely, it must nevertheless be denied on the merits since bank robbery and armed bank robbery are crimes of violence.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

**III. ORDERS**

For the reasons discussed above, it is

**ORDERED** that the Motion to Vacate Sentence [Docket No. 55], filed by John Phillip Carter, is DENIED. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is DENIED.

DATED January 3, 2019.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge